# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 20, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| PARRIS HITCHCOCK, | * | |
| | * | |
| Petitioner, | * | No. 21-2184V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Elizabeth Kyla Abramson*, Maglio Christopher & Toale, P.A. Washington, DC, for Petitioner.
*Jamica Marie Littles*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 20, 2024, Parris Hitchcock ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 56). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$135,506.35.** On August 1, 2024, petitioner filed a motion to amend their Fees App., only regarding the mailing address to where compensation will be forwarded. This motion is also **GRANTED.**

### I.   Procedural History

On November 18, 2021, Parris Hitchcock filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that the influenza vaccine he received on November 18, 2020, caused him to develop polymyalgia rheumatica. *Id.* at

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

¶¶ 1, 17. On January 29, 2024, the parties filed a stipulation, which I adopted as my decision awarding compensation on January 30, 2024. (ECF No. 52).

On March 22, 2024, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Petitioner requests compensation in the total amount of $135,506.35, representing $102,730.00 in attorneys' fees and $32,776.35 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants he did not personally incurred any costs related to litigation of this matter. Exhibit (Ex.) 61. Respondent reacted to the fees motion on March 26, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2, ECF No. 58. Respondent further stated, "[t]o the extent petitioner is requesting higher expert hourly rates than what has typically been awarded in the past, respondent submits that the Court should reserve the highest rates for the most qualified experts opining on the most complex medical issues . . . . " and requesting that the Court "continue to make case-by-case determinations about a reasonable hourly rate, based upon the work performed, and any revised expert hourly rate ceiling should reflect the unique character of the Vaccine Program." *Id*. at 3-4. Respondent "urges that the hourly rates paid to experts who appear on behalf of respondent ($375.00) be considered when determining an appropriate hourly rate." *Id*. at 4. Petitioner filed a reply the same day. Reply, ECF No. 59. Petitioner asserts that he has demonstrated the reasonableness of his requested expert rates, and Respondent has not submitted evidence or argument in opposition. Reply at 3.

The matter is now ripe for adjudication.

**II.    Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   **a.   Attorneys' Fees**

Petitioner requests the following rates of compensation for his attorneys at mctlaw: for Ms. Elizabeth Abramson: $225.00 per hour for work performed in 2021, $250.00 per hour for work performed in 2022, $295.00 per hour for work performed in 2023, and $320.00 per hour for work performed in 2024; for Ms. Alison Haskins: $440.00 per hour for work performed in 2021, and $460.00 per hour for work performed in 2022; for Ms. Anne Toale: $535.00 per hour for work

performed in 2023; for Ms. Diane Stadelnikas: $470.00 per hour for work performed in 2021, $490.00 per hour for work performed in 2022, $525.00 per hour for work performed in 2023, and $560.00 per hour for work performed in 2024; for Ms. Jessica Olins: $355.00 per hour for work performed in 2024; and for Mr. Joseph Vuckovich: $385.00 per hour for work performed in 2022, and $415.00 per hour for work performed in 2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein. I shall also award the requested paralegal time at the provided rates.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $102,730.00.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $32,776.35, which includes expert fees totaling $30,150.00, as well as acquiring medical records, postage, medical literature, postage, an expert consultation, and the Court's filing fee, totaling $2,626.35.

Petitioner's rheumatology expert, Petros Efthimiou, MD, charged a total of $22,950.00, for 22 hours at $600.00 per hour. Ex. 60 at 47-48, 58-59. This rate is consistent with what Dr. Efthimiou has been previously awarded, and thus is reasonable. *See Munoz v. Sec'y of Health & Human Servs.*, No. 21-1369V, 2024 WL 2730966, at *4 (Fed. Cl. Spec. Mstr. May 1, 2024). Petitioner's immunology expert, Chander Raman, Ph.D., charged a total of $7,200.00 for 16 hours at $450.00 per hour. This is an increase from what Dr. Raman has been previously awarded; however, this amount is reasonable for the work he performed in this case.

The other costs incurred by petitioner's counsel are typical costs in the Vaccine Program. Therefore, petitioner is entitled to recover the full amount of his requested costs in the amount of $32,776.35.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $102,730.00 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$102,730.00** |
| | |
| Attorneys' Costs Requested | $32,776.35 |
| (Reduction of Costs) | - |

| | |
|---|---|
| **Total Attorneys' Costs Awarded** | **$32,776.35** |
| | |
| **Total Attorneys' Fees and Costs** | **$135,506.35** |

**Accordingly, I award the following: a lump sum in the amount of $135,506.35, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorneys, mctlaw.[3] Pursuant to his motion to amend the Fees App., petitioner's check shall be forwarded to mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota FL, 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

